## No. 6212.

### EUGENIE MARIONNEAUX VS. JOHN A. DARDENNE.

It has been often decided by this court that the only question which can be raised in an appeal from an order of seizure and sale is whether the evidence authorized the *fiat* of the judge.

It appears in this instance that the authentic proof which authorizes the *fiat* of the judge *a quo* is an act importing a confession of judgment; and when the application is made to foreclose in the name of the creditor, or of his heirs or succession, only this proof is required to authorize the order. · As the law does not require it, this court can not perceive any good reason why any other proof should be demanded.

The defendant will be protected should he pay the debt; but should there be any possible objection to permitting the plaintiff to collect the debt, the objection ought to have been urged in an injunction suit, and not in an appeal from the order of seizure and sale.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Dewing,* J. *George Wailes,* for plaintiff and appellee. *Barrow & Pope,* for defendant and appellant.

LUDELING, C. J. This is an appeal from an order of seizure and sale. It has been often decided by this court that the only question which can be raised in such an appeal is whether the evidence authorized the *fiat* of the judge. Was the judge *a quo* authorized to grant the order of seizure and sale in this case?

The plaintiff represents that she is the natural tutrix of the minor heir of her husband, in whose favor the mortgage was executed by the defendant, and she prays for an order of seizure and sale, etc. Accompanying the petition is an authentic act of mortgage in favor of the father

36

of the minor aforesaid, and the obligation of the defendant secured by the mortgage, which is not indorsed.

The Code of Practice declares that "executory process can only be resorted to in the following cases: when the creditor's right arises from an act importing a confession of judgment, and which contains a. privilege or mortgage in his favor." 732. "An act is said to import a confession of judgment in matters of privilege and mortgage when it is passed before a notary public, or other officer fulfilling the same functions, in the presence of two witnesses, and the debtor has declared or acknowledged the debt for which he gives the privilege or mortgage." 733. "When the creditor is possessed of such an act, he may proceed against his debtor or his heirs, by causing the property subject to the privilege or mortgage to be seized and sold on a simple petition," etc. 734.

Thus it appears that the authentic proof which authorizes the *fiat* of the judge *a quo* is *the act importing a confession of judgment*, and when the application is made to foreclose in the name of the creditor or his heirs or succession, only this proof is required to authorize the order. The law does not require any other proof, and we can not perceive any good reason why any other proof should be required. Surely the defendant will be protected if he pays the debt, but should there be any possible objection to permitting the plaintiff from proceeding to collect the debt, the objection should be urged in an injunction suit, and not in an appeal from the order of seizure and sale.

It is therefore ordered that the judgment be affirmed with costs of appeal.

Rehearing refused.

---

HOWELL, J., *dissenting.* It is well settled that a party must conform strictly to the requirements of the law in executory proceedings, and must show authentic evidence of the right to the writ. One of the elements of that is the ownership of the claim—the note and mortgage. Where a note is not indorsed by the payee, there must be authentic evidence of its transfer either of the ownership, or the representative capacity of the party resorting to the executory process. In this case the plaintiff alleges that she is acting as tutrix in enforcing a mortgage securing a note drawn to the order of F. Norbert Marionneaux, but not indorsed by him. The act of mortgage produced by her recites that the notes identified therewith are indorsed. Under these circumstances, I do not think the plaintiff's right to the writ is established. In the case of Landry vs. Landry, 12 An. 167, it was held that authentic evidence of plaintiff's appointment as administrator was essential to authorize the issuing of the writ of seizure and sale, and in Rice vs. Davis, 14 An. 435, it was said to be unnecessary, because there was authentic evidence of

Marionneaux vs. Dardenne.

the indorsement, and in this respect the case differed from that of Landry vs. Landry, 12 An. 167.

In all the cases where the writ has been allowed to persons in representative capacity without evidence thereof there was evidence of the indorsement of the notes.

I think plaintiff in this case has not brought herself within the strict requirements of the law in regard to executory process, and therefore must dissent.

Mr. Justice Wyly concurs in this dissenting opinion.